ROGERS, J.
 

 The Standard Sugars Company, Inc., owner and operator of the Greenwood Plantation situated on Bayou Lafourche in the parish of Lafourche, undertook to make a rice crop during the season of 1927. In order to finance its planting operations, the company obtained advances to the amount of $18,290 from the Marine Bank & Trust Company, of New Orleans. These advances were secured by a crop lien granted by the plantation owner and also by an insurance contract entered into on June 30, 1927, between the bank and the National Union Fire Insurance Company. Under the terms of this crop policy the insured was guaranteed against all direct loss or damage resulting from wind, excess moisture, drought, insects, or disease. After the crop had been harvested and marketed, the bank ascertained that 'it had sustained a loss of $6,664.95. The bank then brought this suit on the insurance policy to recover from the insurance company the amount of its loss. Plaintiff alleged that the damage to the crop covered by the policy was due to excess moisture caused by heavy and frequent rains during the, harvesting season. Defendant answered denying the allegation. The judgment of the court below was in favor of plaintiff, and defendant appealed.
 

 Twenty-two witnesses were examined on behalf of the parties, and the record is a voluminous one. We have carefully examined the testimony of these witnesses, together with the documentary evidence submitted on the trial of the case, and find that they amply sustain the judgment appealed from.
 

 There is a conflict in the evidence as to whether the rainfall during the harvesting season of 1927 was or was not excessive. But, be that as it may, the uncontradicted testimony is that moisture, with its resultant damage, in a rice crop depends not so much upon the severity or quantity of the rainfall during the harvesting season, as upon the way in which the rainfall-is distributed. A- single hard, long shower of rain, followed by a number of clear days, does not damage the crop nearly so much as short, slow drizzling rains following each other in
 
 *948
 
 rapid succession. This is so because after it is cut the rice is laid on the stubble for 24 or 48 hours to dry before it is sent to the threshing machine. During this period a light shower of rain falling upon the rice will moisten it to such an .extent as to require that it be turned over on the stubble for further drying before it is in a condition to be threshed. It was this character of rainfall that occurred during the harvesting of the crop covered by the insurance contract herein sued upon. Every time the rice was turned upon the stubble, it occasioned a loss in the quantity of the grain which was reflected in the ultimate yield of the crop. The quality and grade of the rice was also adversely affected by the abnormal amount of moisture that it had absorbed by reason of being exposed to these frequent showers of rain. The record shows that this condition was not peculiar to the rice on the plantation of the Standard Sugars Company, but that it obtained generally on other plantations in the parish of Lafourche and the adjoining parishes; that all of the planters in that X>articular territory suffered considerable losses, both in yield and value, due to the excessive moisture in their rice.
 

 Nearly all the rice grown on Greenwood Plantation was sold through brokers in the city of New Orleans. The exception consisted of some rice that was sold direct from the plantation itself. The uneontradicted testimony of the brokers who handled the rice shows that it contained excessive moisture, and that due to that circumstance they were unable to obtain top prices for it. This testimony further shows that because of its excessive moisture the brokers were unable originally to dispose of more 'than 50 per cent, of the rice received by them, and that they were finally compelled to send/the undisposed rice to .a mill in New Orleans to be toll-milled, after which' they were able to sell it at a sacrifice.
 

 The amount of plaintiff’s loss is fully sustained by the proof in the record.
 

 For the reasons assigned, the judgment appealed from is affirmed.